The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD E. MacCORD, JR.,<br>SHANNON D. DOYLE, and<br>DIGI OUTDOOR MEDIA, INC.<br><br>Defendants. | Case No. 2:17-cv-1809<br><br>FINAL PARTIAL JUDGMENT AS TO DEFENDANT DONALD E. MacCORD, JR. |

FINAL PARTIAL JUDGMENT
*SEC V. MACCORD, ET AL.*
CASE NO. 2:17-CV-1809

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ‖ (415) 705-2500

The Securities and Exchange Commission having filed a Complaint and Defendant DONALD E. MacCORD, JR. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Partial Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Partial Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Partial Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], in the offer or sale of

FINAL PARTIAL JUDGMENT
*SEC V. MACCORD, ET AL.*
*CASE NO. 2:17-CV-1809*

-1-

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ‖ (415) 705-2500

any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Partial Judgment by personal service or otherwise:   (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, making or causing to be made a materially false or misleading statement to an accountant in connection with, or omitting to state or causing another to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with:

    (i)    Any audit, review or examination of the financial statements of the issuer required to be made pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

    (ii)    The preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or otherwise.

FINAL PARTIAL JUDGMENT  
*SEC v. MacCord, et al.*  
Case No. 2:17-cv-1809

-2-

SECURITIES AND EXCHANGE COMMISSION  
44 Montgomery Street, Suite 2800  
San Francisco, CA 94104 ∥ (415) 705-2500

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Partial Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement with pre-judgment totaling $1,841,789, representing ill-gotten gains received as a result of Defendant's conduct alleged in the Complaint. This amount shall be deemed satisfied by the judgment of restitution entered against Defendant in the criminal case *United States v. Donald MacCord,* Case No. 17-cr-00592-WHA-1 (N.D. Cal.), and the court's order finding that such restitution had been satisfied by Defendant.

FINAL PARTIAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809

-3-

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent, docket no. 68-1, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**IX**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Partial Judgment.

**X.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Partial Judgment forthwith and without further notice.

Dated: May 18, 2022

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

FINAL PARTIAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809
-4-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500