The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD E. MacCORD, JR.,<br>SHANNON D. DOYLE, and<br>DIGI OUTDOOR MEDIA, INC.<br><br>Defendants. | Case No. 2:17-cv-1809<br><br>FINAL JUDGMENT AS TO DEFENDANT SHANNON D. DOYLE |

FINAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

The Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint, and Defendant Shannon D. Doyle ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

FINAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809
-1-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, making or causing to be made a materially false or misleading statement to an accountant in connection with; or omitting to state or causing another to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with:

  (i)  Any audit, review or examination of the financial statements of the issuer required to be made pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

  (ii)  The preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or otherwise.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

FINAL JUDGMENT
*SEC V. MACCORD, ET AL.*
*CASE NO. 2:17-CV-1809*
-2-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,013,000 representing ill-gotten gains received as a result of Defendant's conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $240,577.72 for a total of $1,253,577.72. Defendant's obligation is partially satisfied by his return of 2,331,882 shares of Digi Outdoor Media, Inc. ("Digi") to Digi, and Defendant shall satisfy the remainder of this obligation by paying $87,636.72 to the Securities and Exchange Commission pursuant to the terms, including the payment schedule, set forth in paragraph VII below.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's

FINAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809

-3-

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment, pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Shannon D. Doyle shall pay the total remaining disgorgement and prejudgment interest obligation due of $87,636.72, as set forth above, by paying, according to the following schedule: (1) $10,000 within 10 days after entry of this Final Judgment; (2) $38,818.36 within 270 days after entry of this Final Judgment; and (3) $38,818.36, plus all accrued post-judgment interest, within 365 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Shannon D. Doyle shall contact the staff of the Commission for the amount due for the final payment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch

FINAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809
-4-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500

6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Shannon D. Doyle, docket no. 75-1, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

FINAL JUDGMENT
SEC V. MACCORD, ET AL.
CASE NO. 2:17-CV-1809
-5-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ‖ (415) 705-2500

**XI.**

Partial final judgment having been entered with respect to the Commission's claims against Digi Outdoor Media, Inc., docket no. 69, and Donald E. MacCord, Jr., docket no. 70, the Commission's claims against Shannon D. Doyle having now been resolved, and no issue remaining for the Court's consideration, this judgment is final within the meaning of Federal Rule of Civil Procedure 58. The Clerk is DIRECTED to enter this Final Judgment forthwith, to send a copy of this Final Judgment to all counsel of record, and to CLOSE this case.

DATED this 30th day of January, 2023.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

FINAL JUDGMENT
*SEC V. MACCORD, ET AL.*
*CASE NO. 2:17-CV-1809*

-6-

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 ∥ (415) 705-2500